UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD E. GALLO,<br> *Plaintiff*,<br>vs.<br>CHERYL BURSON,<br> *Defendant*. | 2:11-cv-01080-PMP-CWH<br><br>ORDER |

This removed *pro se* prisoner civil rights action by Nevada state inmate comes before the Court for initial review of the Complaint under 28 U.S.C. § 1915A.

### *Governing Law*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

### *Discussion*

In Count I, Plaintiff Richard Gallo alleges that his right to freedom of speech under the First Amendment and his right to due process under the Fourteenth Amendment were violated when he was brought before a classification committee on September 21, 2009 without prior notice, after being placed in administrative segregation on September 9, 2009, at his request for his protection.

Count I fails to state a claim for relief under the Due Process Clause. Plaintiff presents no specific factual allegations tending to establish that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life or that the duration of his

sentence invariably would be affected. He thus has failed to allege specific facts that would tend to establish the deprivation of a protected liberty interest, as would be required to present a viable procedural due process claim. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). His conclusory allegation elsewhere in the Complaint that he was subjected to an atypical and significant hardship is insufficient to state a claim in this regard, because a merely formulaic recitation of the elements of a cause of action that is devoid of further factual enhancement is not accepted as true and does not state a claim for relief. *Iqbal, supra*.

Court I further does not state a claim for relief under the First Amendment. Plaintiff's allegations in Count I that correctional officers ignored, disregarded, and/or cut off his statements at the classification hearing do not implicate the First Amendment.

Count I therefore fails to state a claim upon which relief may be granted.

***Count II***

In Count II, Plaintiff alleges that he was denied due process of law in violation of the Fourteenth Amendment when he was deprived of a protected liberty interest allegedly created by a number of state statutes to be placed in an appropriate housing classification based upon his individualized characteristics.

Plaintiff has no protected liberty interest premised upon state law to a particular classification. The Supreme Court in *Sandin, supra*, rejected an analysis pursuant to which state statutory or regulatory language would determine whether an inmate had a protected liberty interest vis-à-vis a particular decision. Any alleged violation of state statutory law thus is irrelevant. Plaintiff instead must allege nonconclusory facts tending to establish that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life. As discussed under Count I, he has failed to do so in the Complaint. Plaintiff urges that he simply should have been moved to another cell rather than to administrative segregation after he expressed a concern for his safety, but such internal security decisions are not subject to second-guessing by a federal court absent a protected liberty interest.

Count II fails to state a claim upon which relief may be granted.

***Count III***

In Count III, Plaintiff alleges that he was denied his right to freedom of speech under the First Amendment and his right to due process under the Fourteenth Amendment when he was found guilty of a disciplinary violation when he did not provide the names of the inmates who had threatened him.

Count III fails to state a claim for relief under the Due Process Clause. The only sanction to which Plaintiff refers, temporary loss of his appliances, clearly does not give rise to a protected liberty interest under *Sandin*.

Court III further does not state a claim for relief under the First Amendment. Plaintiff's allegations in Count III that correctional officers ignored, disregarded and/or cut off his statements at the hearing do not implicate the First Amendment. Plaintiff may not bootstrap his disagreement with the decision reached into a First Amendment violation by alleging that correctional officers disregarded his position.

Count III fails to state a claim upon which relief may be granted.

***Count IV***

In Count IV, Plaintiff alleges that he was denied due process of law in violation of the Fourteenth Amendment at a subsequent disciplinary hearing because the hearing officer stated that he had to find Plaintiff guilty because of the associate warden's involvement.

Count IV fails to state a claim for relief under the Due Process Clause because Plaintiff has not presented specific factual allegations tending to establish that he was deprived of a protected liberty interest. As discussed under Count II, an alleged violation of a state administrative regulation does not give rise to deprivation of a protected liberty interest. *Sandin, supra*.

Count IV fails to state a claim upon which relief may be granted.

***Count V***

In Count V, Plaintiff alleges that he was denied due process of law in violation of the Fourteenth Amendment when the associate warden ordered his appliances taken, ultimately for a three day period, at the same time that she initiated the disciplinary charge.

Count V does not state a claim for relief under the Due Process Clause. The loss of use of appliances for three days clearly does not give rise to the deprivation of a protected liberty interest. The Constitution is not concerned with such minutiae.

Count V fails to state a claim upon which relief may be granted.

### Count VI

In Count VI, Plaintiff alleges that he was denied rights to freedom of speech under the First Amendment and due process of law and equal protection of the law under the Fourteenth Amendment when his appeal of his disciplinary conviction was improperly rejected for failure to use the proper form, which he maintains he was not provided.

Count VI fails to state a claim upon which relief may be granted under the Due Process Clause. Inmates lack a constitutional entitlement to a specific grievance or disciplinary appeal process. *E.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). As discussed regarding the prior claims, Plaintiff otherwise has not presented specific factual allegations that would tend to establish that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life as a consequence of the disciplinary action. He thus cannot establish the deprivation of a protected liberty interest.

The Equal Protection Clause and the First Amendment otherwise have no application to Plaintiff's claims that his appeal of the disciplinary conviction improperly was rejected.

Count VI fails to state a claim upon which relief may be granted.

### Count VII

In Count VII, Plaintiff alleges that he was denied rights to freedom of speech under the First Amendment and due process of law and equal protection of the law under the Fourteenth Amendment when the deputy director rejected his second level grievance regarding the circumstances alleged in the prior six counts.

For the reasons discussed as to the prior counts, the rejection of a grievance or disciplinary appeal allegedly in violation of state statutes or regulations does not give rise to a claim under the Due Process Clause, the Equal Protection Clause, or the First Amendment.

Count VII fails to state a claim upon which relief may be granted.

The complaint therefore fails to state a claim upon which relief may be granted. Plaintiff will be given an opportunity to amend the complaint to state a claim, if possible.

In amending the Complaint, Plaintiff should note the following, as he must amend on the Court's required complaint form and comply with the instructions for same.

First, in the "nature of the case" section of the complaint form, Plaintiff should only briefly state the types of violations involved. The specific factual allegations supporting each count instead must be stated within each count itself. If the same facts support more than one count, Plaintiff may incorporate the allegations of an earlier count within a later count. But the "nature of the case" section is not the place to detail Plaintiff's supporting facts.

Second, all supporting factual allegations must be stated within the body of the complaint itself, not in supporting affidavits or other attached documents. If the allegations in the body of the complaint itself are insufficient, the complaint will be dismissed.

Third, Plaintiff should use more care in writing legibly. While the current Complaint, in the main, is readable, there are portions of the Complaint that are only barely so. Plaintiff should place a premium on legibility over stylistic flourish when writing, as the Complaint quite plainly needs to be legible literally to state a claim for relief.

IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, Plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:11-cv-01080-PMP-CWH**, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

1     The Clerk shall provide Plaintiff with a copy of the original complaint that he submitted
2 together with two copies of a § 1983 complaint form and one copy of the instructions for
3 same.
4     If an amended complaint is filed in response to this order, the Court will screen the
5 amended pleading before ordering any further action in this case.
6     If Plaintiff does not timely mail an amended complaint to the Clerk for filing, a final
7 judgment dismissing this action will be entered without further advance notice.  If the
8 amended complaint does not correct the deficiencies identified in this order and otherwise
9 does not state a claim upon which relief may be granted, a final judgment dismissing this
10 action will be entered.

    DATED:   February 13, 2012.

_____
PHILIP M. PRO
United States District Judge